UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY WORLEY, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 12-2069 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on Plaintiffs' Renewed Motion for Default Judgment on Liability and Motion Requesting Judicial Notice of Decisions Arising Out of the Same Facts and Circumstances. ECF No. 27. Plaintiffs are pursuing claims pursuant to the Foreign Sovereign Immunities Act ("FSIA"), in particular section 1605A thereof. Compl. ¶ 1, ECF No. 1. Under the FSIA, a court must, out of respect for the principle of sovereign immunity, ensure that plaintiffs "establish [their] claim or right to relief by evidence that is satisfactory to the court." 28 U.S.C. § 1608(e).

This matter appears to present a substantial question regarding the statute of limitations under the FSIA. The limitations provision of section 1605A of the FSIA states, in a case such as this, that limitations may be satisfied in one of two ways. First, the action itself may be filed before the latter of (1) 10 years after April 24, 1996 or (2) 10 years after the date on which the cause of action arose. *Id.* § 1605A(b). Second, a matter before the court may come within the limitations period if a "related action," filed under section 1605(a)(7) of the FSIA, meets either of the deadlines described above. *Id.* Subsection 1083(c)(3) of the National Defense

Authorization Act for Fiscal Year 2008 ("2008 NDAA"), Pub. L. No. 110–181, § 1083, 122 Stat. 341 (2008), discusses the requirement for filing a "related action" under the statute, concluding that when a suit was timely filed under section 1605(a)(7), "any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not later than the latter of 60 days after—(A) the date of the entry of judgment in the original action; or (B) the date of the enactment of this Act." *Id.* Another judge of this district has characterized subsection 1083(c)(3) of the 2008 NDAA as a "statutory window for filing 'related' claims" under the FSIA. *Estate of Doe v. Islamic Republic of Iran*, 808 F. Supp. 2d 1, 16–17 (D.D.C. 2011). This Court has construed the section in similar fashion: "Plaintiffs who wish to file a new action as a related case—as related to either their own prior action under § 1605(a)(7) or some other case based on the same act or incident—pursuant to § 1083(c)(3), must do so no later" than the 60 day window set out in subsection 1083(c)(3). *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 65 (D.D.C. 2009).

Plaintiffs assert in their complaint that their claims are within section 1605A's limitations period because their suit is a related action to *Peterson v. Islamic Republic of Iran*, Civil Action No. 01-2094, which was timely filed under section 1605(a)(7) on October 3, 2001. Compl. ¶ 2. Final judgment in that suit was entered on September 7, 2007. *Peterson*, Civil Action No. 01-2094, ECF No. 228. This matter was filed on December 28, 2012, well more than 60 days after judgment in *Peterson* and enactment of the 2008 NDAA on January 28, 2008. *See* Compl.; 2008 NDAA, Pub. L. No. 110–181, 122 Stat. 3 (2008).

In light of this legal background and the substantial questions raised by this matter's relationship to that background, it is hereby

**ORDERED** that within 20 days of this date, plaintiffs shall file a supplemental memorandum addressing (1) whether the limitations period prescribed by 28 U.S.C. § 1605A(b) has expired in this case and (2) whether, despite the fact that limitations is generally an affirmative defense that must be pleaded and proved by the defendant, the Court has an obligation under sections 1605A and 1608(e) of the FSIA to consider limitations, *sua sponte*, prior to entering a judgment of default, given its obligation to enter default only after proof "satisfactory to the court."

It is **SO ORDERED**.

Signed by Royce C. Lamberth, U.S. District Judge, on October 6, 2014.