UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NANCY WORLEY,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 12-2069 (RCL) |
| ) | |
| **ISLAMIC REPUBLIC OF IRAN,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

Before the Court are plaintiffs' motions for default judgment on liability and for appointment of special masters. For the reasons stated in the Memorandum Opinion issued this date and upon consideration of plaintiffs' motions, the record, records of prior proceedings in related cases before this Court, and defendants' failure to appear, it is hereby

**ORDERED** that plaintiffs' motion [ECF No. 27] for default judgment on liability is **DENIED IN PART** as to plaintiff Jeff Dadich, who is dismissed without prejudice for failure to plead any cause of action or right to recover against defendants, and as to plaintiff Ollie James Edwards, who is dismissed with prejudice because uncontroverted evidence submitted by plaintiffs demonstrates he is not entitled to recover against defendants for claims of intentional infliction of emotional distress; the motion is otherwise **GRANTED IN PART**; and it is further

**ORDERED** that the Court shall vacate this default judgment on liability as to plaintiffs Arley Buckmaster, Larry Edwards, and Roscoe Hamilton should the Court determine, based on evidence collected by the special master appointed by this Order, that they are not among the four specified classes of persons entitled to recover under 28 U.S.C. § 1605A(c); and it is further

**ORDERED** that the special master shall take and report on any evidence demonstrating the state that governs the survival of those plaintiffs' claims who are deceased and alleging claims for damages suffered during life—namely (1) the estates of David Edward Worley, John Buckmaster, John Chipura, Roy Lee Edwards, Virgel Dean Hamilton, and Richard Morrow and (2) Arley Buckmaster, Larry Edwards, and Roscoe Hamilton—and the Court shall dismiss those claims for which the relevant state laws do not permit survival; and it is further

**ORDERED** that plaintiffs shall file a formal suggestion of death as described in the Memorandum Opinion accompanying this Order within 14 days of this date regarding Arley Buckmaster, Larry Edwards, and Roscoe Hamilton; if no party or successor or representative moves for substitution of a proper party within 90 days of that formal suggestion, these plaintiffs' claims shall be dismissed; and it is further

**ORDERED** that plaintiffs' motion [ECF No. 25] for appointment of Alan Balaran as special master is **GRANTED** and Mr. Balaran is hereby appointed a special master of the Court; and it is further

**ORDERED** that plaintiffs' motions [ECF Nos. 24, 26] for appointment of Larry Searle Lapidis and Ronald Hedges as special masters are **DENIED**; and it is further

**ORDERED** that the Administrative Plan Governing Special Masters adopted in *O'Brien v. Islamic Republic of Iran*, Civil Action No. 06-690, ECF No. 29 as reflected in the plaintiffs' submission at ECF No. 25-2 on the docket of this case is **ADOPTED**; and it is further

**ORDERED** that, in addition to satisfying the obligations imposed by the Administrative Plan, Mr. Balaran shall take and report on (1) each plaintiff's qualification for relief under § 1605A(c), (2) any evidence relevant to whether plaintiffs Arley Buckmaster, Larry Edwards, and Roscoe Hamilton fall into one of the four categories of persons entitled to bring a claim under 28

U.S.C. § 1605A(c), and (3) evidence of the state or states which govern the survival of deceased plaintiffs' claims, as named above in this Order.[1]

It is **SO ORDERED**.

Signed by Royce C. Lamberth, United States District Judge, on December 8, 2014.

---

[1] The Court notes that the special master shall only report on evidence relevant to items 2 and 3 within this paragraph.  He shall not make any recommendations as to these issues.  All legal analysis on these points will be a matter for the Court alone.