# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| NANCY WORLEY, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 12-2069 (RCL) |
| ) | |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## ORDER

In light of the various motions pending before the Court, it is hereby

**ORDERED** that plaintiffs' motion [ECF No. 41] to withdraw previously filed amended complaints is **GRANTED** and the proposed amended complaints attached to ECF Nos. 37 and 38 are **WITHDRAWN** and the Clerk shall terminate those motions from the Court's active docket; and it is further

**ORDERED** that the motion [ECF No. 36] to reconsider the Court's prior denial of the appointment of Larry Lapidis as a special master in this case is **DENIED**; and it is further

**ORDERED** that the motion [ECF No. 35] to appoint Ronald Hedges as a special master in this case is **DENIED**; and it is further

**ORDERED** that plaintiffs' motion [ECF No. 39] to substitute proper parties pursuant to Fed. R. Civ. P. 25(a) is **DENIED** for failure to identify proper parties who may be substituted. *See Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) (holding that a proper party for purposes of Rule 25(a) may be an executor or administrator of a decedent's estate or the distributee

of a decedent's estate).   Plaintiffs may file a renewed motion to substitute that is properly supported.  And it is further

**ORDERED** that plaintiffs' motion [ECF No. 42] for leave to file an amended complaint is **GRANTED** and the proposed amended complaint located at ECF No. 43 shall be filed.   In addition to substituting certain plaintiffs with persons representing their estates, this amended complaint alleges many new claims.   These new claims come in the form of claims made by new plaintiffs—family members of servicemen killed and injured in the attack on the Marine barracks who were not previously parties to this action—and claims by Jeff Dadich, who was named as a party in the original complaint but for whom no claims were alleged.   Because the amended complaint alleges new claims, it must be served on defendants, despite the fact that they are in default. Fed. R. Civ. P. 5(a)(2); *see also Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) (holding that an amended complaint must be re-served pursuant to Rule 5(a)(2) in a Foreign Sovereign Immunities Act case when changes to it are "substantial").   To allow an amendment without service that adds numerous additional plaintiffs, each pleading their own right to recover against defendants, would circumvent the logic of Rule 5(a)(2).  The rule "ensures that a party, having been served, is able [to] make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served." *Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008).  Service will greatly extend the duration of this case.  In light of plaintiffs' counsel's representations at prior status conferences in this case that they do not wish to prolong the litigation at this late stage, the Court notes that plaintiffs may file a motion to withdraw this amended complaint if they so choose.

It is **SO ORDERED**.

Signed by Royce C. Lamberth, United States District Judge, on July 9, 2015.