# MEMORANDUM

**TO: Special Master Alan Balaran**
**FROM: William Coleman Dowden, III, Esq.**
**CC: Thomas Fay, Esq., Caragh Fay, Esq., Amy Weedman, Esq., FILE**
**RE: Nancy Worley, et al., v. Islamic Republic of Iran, et al., 12-cv-2069 (RCL): Survival claims of decedents and claims brought on behalf of decedents.**
**DATE: January 30, 2015**

On December 8, 2014, Judge Lamberth in the United States District Court for the District of Columbia entered a Memorandum and Order appointing and directing you as a Special Master over this case. In that Memorandum and Order the Court directed the Special Master to collect additional evidence on certain threshold issues regarding estate-plaintiffs. Additionally, in your letter dated December 12, 2014; you requested this firm respond with further information on the Court's evidentiary orders. We submit the following in response to the questions presented.

### Questions Presented in the Court's December 8, 2014 Memorandum and Order

1. Whether plaintiffs Arley Buckmaster, Larry Edward, and Roscoe Hamilton have standing to assert a claim under 1605A;

2. Which state laws govern the claims of the decedents;

3. Which state laws govern the survival of a deceased plaintiff in those instances where the estate representatives have been "submitted"; and

4. Whether those plaintiffs seeking damages for harms suffered during the decedent's life ("survival claims") have standing under relevant state law.

Exhibit B

**In Re Question 1: Whether plaintiffs Arley Buckmaster, Larry Edward, and Roscoe Hamilton have standing to assert a claim under 1605A.**

On December 22, 2014, Plaintiffs filed a response pursuant to the Court's December 8, 2014 Memorandum and Order focused on the specific claims and standing to assert claims pursuant to 28 U.S.C. § 1605A. Our office has forwarded a copy of the filed response to your attention but also attaches the exhibits to that response to this Memorandum and will discuss them further here.

It is our understanding that the Court requested affidavits, death certificates, or other proof that the Plaintiffs bringing these claims do in fact qualify pursuant to the plain reading of 28 U.S.C. § 1605A(c) (1). That particular section reads, "a national of the United States…" or "legal representative of" holds a "private right of action" against "[a] foreign state that is or was a state sponsor of terrorism" for claims arising in "personal injury or death…" See, 28 U.S.C.§ 1605A(c) (West). Additionally claims brought pursuant to this section may be for damages that "include economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C.§ 1605A (c)(4) (West).

Per the attached exhibits, a personal representative of each plaintiff has sworn pursuant to an oath of perjury that the now deceased plaintiffs were in fact nationals of the United States and as such plainly qualify under the text of 1605A(c). See, Attached Affidavits Filed on Dec. 22, 2014, 12-cv-2069, Doc. 34-1.

Further, the representatives of these estates intend to file a motion to substitute proper parties pursuant to the recent Memorandum and Order of the Court and Fed. R. Civ. Pro.

2

25(a)(1)[1] on or before the 90 day time limit[2] as required by the Court. As such, Plaintiffs further assert that the claims alleged in their pleadings are valid and appropriate. Please refer to the filed response on December 22, 2014 for specific application to each plaintiff.

**In Re Questions 2, 3, and 4.**

Since the final three questions presented in your December 12, 2014, letter and the Court's Memorandum and Order on December 8, 2014, involve the application of specific state laws to specific estates we now focus our attention on the applicable case law from the states where Plaintiffs' Counsel anticipate estate-plaintiffs to bring claims via the pass-through exception outlined in established FSIA case law.

Per *Taylor v. Iran*, claims brought on behalf of estates seeking "recovery for emotional and mental anguish that the decedents suffered while still alive" are allowed so long as the state law where the estate law of the decedent allows for the action. See, *Taylor v. Iran*, 811 F. Supp. 2d 1, 12 (D.C. 2011). In *Taylor*, the Court outlined its reasoning:

> "because an action brought under the state-sponsored terrorism exception is based on a federal statute, the 'extent and nature' of the claims is a federal question. *Bettis v. Islamic Republic of Iran,* 315 F.3d 325, 333 (D.C.Cir.2003). However, an estate's standing to maintain a cause of action seeking damages for injuries suffered during the decedent's lifetime is not an issue touching on the 'extent and nature' of the estate's underlying claim, but rather is a threshold question concerning the power of the estate to bring and maintain legal claims. Such questions are governed by the

---

[1] Fed. R. Civ. Pro. 25 (a)(1): "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

[2] Ninety days from December 8, 2014, the date on which Judge Lamberth's Memorandum and Order was filed, is currently March 22, 2015, a Sunday. Per the Rules, the deadline then falls on the next business day, March 23, 2015. Plaintiffs' counsel envisions filing this particular motion long before this deadline.

Exhibit B

> law of the state which also governs the creation of the estate. This
> is plainly supported by Congress' purpose in creating a federal
> cause of action under § 1605A, which is to ensure that a 'foreign
> state shall be liable in the same manner and to the same extent as
> a private individual under like circumstances.' 28 U.S.C. § 1606.
> If an estate-plaintiff would not be permitted to bring suit against
> a private individual due to the operation of the state law
> governing the estate—which is unrelated to the 'extent and
> nature' of the specific cause of action—nothing in the FSIA
> indicates that the same estate-plaintiff should otherwise be
> permitted to bring an identical claim against a foreign state.
> Bearing these principles in mind, the Court shall examine the
> state law applicable to each of the estate-plaintiffs in this action."

*Taylor v. Islamic Republic of Iran*, 811 F. Supp. 2d 1, 12-13 (D.D.C. 2011).  In *Taylor*, the

Court engaged in specific application of state law to each affected estate-plaintiff – in turn, we

will highlight the specific state law based on the states we anticipate estate-plaintiffs to bring

claims into the FSIA case law pass-through provision.

Per FSIA case law, the Court has previously addressed the standing of estates pleading

survival claims under the FSIA, specifically claims for terrorist activities under 28 U.S.C. §

1605(a)(7) (repealed and replaced with 1605A).

> "…this Court and others in this district have looked to the
> decedent's state of domicile for governing law in wrongful death
> claims. *See, e.g., Heiser,* 466 F.Supp.2d at 271–356; *Dammarell
> v. Islamic Republic of Iran,* No. 01–2224, 2005 WL 756090, *21,
> 2005 U.S. Dist. LEXIS 5343, at *67–68 (D.D.C. Mar. 29, 2005)
> (Bates, J.) [hereinafter *Dammarell II* ]. *Contra Restatement
> (Second) of Conflict of Laws* § 175 (1971) (law of place where
> injury occurred typically governs wrongful death claims). As
> Judge Bates explained in *Dammarell II,* in 'wrongful death
> actions arising out of mass disasters," the decedent's place of
> domicile has an important ' 'interest in ensuring that its residents
> are fully and adequately compensated for tortious harm.' '*Id.,*
> 2005 WL 756090, *19, 2005 U.S. Dist. LEXIS 5343, at **59–60
> (quoting *Pescatore v. Pan Am.,* 97 F.3d 1, 13 (2d Cir.1996)).
> Though the present action arises from a single-victim
> extrajudicial murder rather than a mass-disaster, the Court finds
> that acts of state-sponsored terrorism are sufficiently analogous

4

to generate a similarly weighty governmental interest. Because Gholam Ali Oveissi had lived in Paris, France for approximately five years when his life ended there in February 1984, he would likely be deemed a domiciliary of France. *See Restatement (Second) Conflict of Laws* §§ 15, 16, 18 (1971) (domicile of choice acquired by coincidence of legal capacity, physical presence, and intent to remain 'for the time at least')."

*Oveissi v. Islamic Republic of Iran*, 498 F. Supp. 2d 268, 279 (D.D.C. 2007) rev'd, 573 F.3d 835 (D.C. Cir. 2009). Although this particular case specifically addressed the domicile of the decedent being in Paris, France, it clearly outlines the process future FSIA claims are now required to follow.

The *Taylor* and *Ovessi* cases describe guidelines for application of estate-plaintiff claims under the FSIA and then we must look to the applicable state survival laws in order to determine whether the decedent's survivors are allowed to bring a claim under the state specific statutes. See, *Taylor v. Islamic Republic of Iran*, 811 F. Supp. 2d 1, 12-13 (D.D.C. 2011); *Oveissi v. Islamic Republic of Iran*, 498 F. Supp. 2d 268, 279 (D.D.C. 2007) rev'd, 573 F.3d 835 (D.C. Cir. 2009).

The following table depicts the states and the applicable state law statutes based on the estate-plaintiffs currently participating in the *Worley* action.[3]

| North Carolina | N.C. Gen.Stat. § 28A–18–1 (West) |
|---|---|
| Pennsylvania | 20 Pa. Cons.Stat. § 3371 (West); 42 Pa. Cons.Stat. § 8302 (West) |
| Ohio | Ohio Rev. Code Ann. § 2125.02 (West) |
| Kentucky | Ky. Rev. Stat. Ann. § 411.130 (West) |
| New York | N.Y. Est. Powers & Trusts Law § 4-1.1 (McKinney); N.Y. Est. Powers & Trusts Law § 5-4.1 |
| Florida | Fla. Stat. Ann. § 768.20 (West) |

---

[3] In addition to Westlaw or LexisNexis, a useful damages law survey across all U.S. jurisdictions is freely available from the Arent Fox at http://www.arentfox.com/sites/default/files/Downloads/practicesindustries/practices/AF-Survey-of-Damage-Laws.pdf.

Exhibit B

| Maryland | Md. Code Ann., Cts. & Jud. Proc. § 3-902 (West) |
| New Jersey | N.J. Stat. Ann. § 2A:31-1 (West) |

Applicable case law and statute references for North Carolina Estates pursuant to previous FSIA cases states:

> "North Carolina law provides that '[u]pon the death of any person, all demands whatsoever, and rights to prosecute or defend any action ... existing in favor of or against such person ... shall survive to and against the personal representative ... of his estate.' N.C. Gen.Stat. § 28A–18–1 (2011). And as the North Carolina courts have explained, this provision ensures that 'a civil action based upon personal injury survives the death of the plaintiff.' *McGowen v. Rental Tool Co.,* 109 N.C.App. 688, 428 S.E.2d 275, 276 (N.C.Ct.App.1993); *see also Schronce v. Coniglio,* 124 N.C.App. 216, 476 S.E.2d 366, 367 (N.C.Ct.App.1996) (reversing dismissal of claim brought by estate's representative in lower court in reliance on § 28A–18–1)."

*Taylor v. Islamic Republic of Iran,* 811 F. Supp. 2d 1, 13 (D.D.C. 2011). As many of the estates are of deceased servicemen then living or stationed at Camp Lejeune, this state's statute is likely to be referenced and applied multiple times in the course of this matter. Further, the Court has explicitly declared in previous FSIA cases involving terrorism claims that survival claims under North Carolina law survives death.

The applicable case law and statute references for Pennsylvania Estates pursuant to previous FSIA cases states:

> "[t]he provisions of Pennsylvania's code concerning estates provides that '[a]ll causes of action or proceedings shall survive as provided in [§ 8302],' 20 Pa. Cons.Stat. § 3371, and that separate provision specifies that '[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant.' 42 Pa. Cons.Stat. § 8302. As the Supreme Court of Pennsylvania has explained, these statutes 'do not create a new cause of action [but] simply permit a personal

6

> representative to enforce a cause of action which had already
> accrued to the deceased before his death.' *Anthony v. Koppers
> Co.,* 496 Pa. 119, 436 A.2d 181, 185 (1981)."

*Taylor v. Islamic Republic of Iran*, 811 F. Supp. 2d 1, 13 (D.D.C. 2011). Here, the Court

determined survival claims under Pennsylvania law survive death and allows for the personal

representative to "enforce a cause of action." Id. As such, the requisite pass-through under

state law has been established for claims brought pursuant to 28 U.S.C. § 1605A.

The applicable statute for Ohio Estates:

> "[e]xcept as provided in this division, a civil action for wrongful
> death shall be brought in the name of the personal representative of
> the decedent for the exclusive benefit of the surviving spouse, the
> children, and the parents of the decedent, all of whom are rebuttably
> presumed to have suffered damages by reason of the wrongful death,
> and for the exclusive benefit of the other next of kin of the decedent.
> A parent who abandoned a minor child who is the decedent shall not
> receive a benefit in a civil action for wrongful death brought under
> this division."

Ohio Rev. Code Ann. § 2125.02 (A)(1) (West). Here, Ohio law allows a personal

representative to bring a claim on behalf of a person deceased who would have otherwise been

able to bring the claim "for the exclusive benefit of the surviving spouse, the children and the

parents of the decedent." Id. As such, the requisite pass-through under state law has been

established for claims brought pursuant to 28 U.S.C. § 1605A.

The applicable statute for Kentucky Estates:

> "(1) Whenever the death of a person results from an injury
> inflicted by the negligence or wrongful act of another, damages
> may be recovered for the death from the person who caused it, or
> whose agent or servant caused it. If the act was willful or the
> negligence gross, punitive damages may be recovered. The action
> shall be prosecuted by the personal representative of the
> deceased."

Ky. Rev. Stat. Ann. § 411.130 (West). In subsequent sections this statute further defines the nature of distribution and classifications of parties that are able to recover in certain portions, but this is largely unremarkable for the purposes of this memorandum. However under Kentucky law a personal representative may bring a claim on behalf of the estate of a deceased person for any claims the now deceased person would have been able to sue if they had not died. As such, the requisite pass-through under state law has been established for claims brought pursuant to 28 U.S.C. § 1605A.

      Pursuant to New York law, Personal representatives are specifically allowed to bring an action for wrongful acts according to the following.

> "The personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued…."

N.Y. Est. Powers & Trusts Law § 5-4.1 (McKinney). Additonally but not germane to this memorandum property distribution and classification of certain family members is addressed in N.Y. Est. Powers & Trusts Law § 4-1.1 (McKinney). Aside from addressing particular claims arising out of the occurrences on September 11, 2001, New York law allows for a survival action to be brought and FSIA case law allows for claims to be brought pursuant to 28 U.S.C. § 1605A.

      The applicable statute for Florida Estates allows for an action to be brought by a personal representative on behalf of the estate of the decedent.

> "The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death. When a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall

Exhibit B

> abate. The wrongdoer's personal representative shall be the
> defendant if the wrongdoer dies before or pending the action. A
> defense that would bar or reduce a survivor's recovery if she or he
> were the plaintiff may be asserted against the survivor, but shall
> not affect the recovery of any other survivor."

Fla. Stat. Ann. § 768.20 (West). Here, a decedent's personal representative is explicitly

allowed to bring a claim for damages specific in the act caused by the injury resulting in

death. As such, the requisite pass-through under state law has been established for claims

brought pursuant to 28 U.S.C. § 1605A.

      The applicable statute for Maryland Estates allows for "**[w]rongful death actions,** (a)

An action may be maintained against a person whose wrongful act causes the death of

another." Md. Code Ann., Cts. & Jud. Proc. § 3-902 (West) (emphasis in original). As this

statute does not explicitly detail the qualities of a personal representative, it does however

allow for the action to be maintained against the person who caused the death of a deceased

plaintiff. Here, the defendants have been found liable by the Court for the bombing and its

outcome; those outcomes being the death and subsequent death of servicemen from the blast.

As such, the requisite FSIA case law pass-through under state law has been established for

claims brought pursuant to 28 U.S.C. § 1605A.

      The applicable statute for New Jersey Estates reads:

> "[w]hen the death of a person is caused by a wrongful act, neglect
> or default, such as would, if death had not ensued, have entitled
> the person injured to maintain an action for damages resulting
> from the injury, the person who would have been liable in
> damages for the injury if death had not ensued shall be liable in
> an action for damages, notwithstanding the death of the person
> injured and although the death was caused under circumstances
> amounting in law to a crime."

N.J. Stat. Ann. § 2A:31-1 (West). As murky as this statute reads, it is derivable that a personal

representative is allowed to bring the action on behalf of the now deceased plaintiff. As such,

Exhibit B

the requisite pass-through under state law has been established for claims brought pursuant to 28 U.S.C. § 1605A.

## Conclusion

In the states outlined above Plaintiffs either have or anticipate an estate-plaintiff has ample support for survival actions based in state law on behalf of the deceased plaintiffs in this action. Moreover, the survival of causes of action are clearly allowed for under state law and as such passes through to the federal cause of action described in 28 U.S.C. § 1605A and as outlined in previous FSIA case law and practice.

We hope this memorandum assists you in your determinations and drafting of your reports and recommendations. If there is further questions on this topic or additional information you require, we are at your disposal.

Exhibit B